IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANK S. KULA,

        Plaintiff,

v.                                                       Civil Action No. 3:07-CV-114

UNITED STATES OF AMERICA,

        Defendant.

## REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED

I.   Procedural History

On August 29, 2007, pro se plaintiff, Frank S. Kula filed a complaint in this Court alleging the following cause of action: "Conspiracy in this District. Unconstitutional compact between States. Delay is frivolous, absent imminent danger." (See Complaint).[1] Plaintiff claims jurisdiction under 28 U.S.C. § 1343(a)(1)-(4). On May 2, 2008, the United States was served with the summons and complaint. Service was not made on the Attorney General of the United States.[2] On August 12, 2008, defendant, United States of America filed a motion to dismiss.[3] On August 21, 2008, plaintiff responded to the motion to dismiss.[4] Plaintiff filed an amendment

---

[1] Docket No.1.

[2] Pursuant to Federal Rule of Civil Procedure 4, parties to a lawsuit must be served within 120 days. To properly serve the United States, Fed. R. Civ. P. 4(i)(1)(B) requires accompanying service on the Attorney General of the United States at Washington, D.C. by registered or certified mail. Such service was not effected.

[3] Docket No. 19.

[4] Docket No. 24.

1

to his objection to defendant's motion to dismiss on August 21, 2008.[5] Plaintiff filed further objections to defendant's motion to dismiss on September 3, 2008.[6]

After considering the parties' pleadings and the relevant law, this Court recommends that the motion to dismiss by the defendant, United States of America, be granted and this case dismissed for lack of subject matter jurisdiction. Although this Court recommends dismissal on jurisdictional grounds, it will still address the merits of the complaint and the substantive issues raised in the defendant's motion to dismiss and related pleadings.

## II.   Facts

This civil action apparently arises from plaintiff's having his driving privileges suspended in the state of New Jersey for an undisclosed period of time somewhere between 1990 and 1994. He lists his cause of action as "[c]onspiracy in this District. Unconstitutional compact between States. Delay is frivolous, absent imminent danger." Plaintiff fails to allege any facts in his complaint to support this cause of action. He demands "[r]estoration of all rights, privileges, and immunities. Equitable, and other relief. Special Considerations. Emergency relief. Certiorari. $110 million."

Supporting documentation submitted as an attachment to plaintiff's complaint shows that he was a citizen of New Jersey.[7] He was convicted on July 18, 1990 in the State of New Jersey,

---

[5] Docket No. 25.

[6] Docket No. 26. LR Civ. P. 7.02(b) allows a party 14 days from the date of service of the motion to respond. In accordance with Fed. R. Civ. P. 6(a), plaintiff had until August 26, 2008 to respond. Therefore, plaintiff's objections filed on September 3, 2008 are untimely.

[7] Plaintiff also submits a copy of a document from the Magistrate Court of Berkeley County reflecting the Court's 2008 ruling against him in an eviction action. However, this submission was made merely "in supplement" to Plaintiff's application to proceed IFP.

Municipal Court of Hamilton Township, for violating N.J.S.A. 39:4-50(a).[8] The violation occurred on September 15, 1989 and was plaintiff's second such offense in the state of New Jersey. Plaintiff was sentenced to 12-48 hours in an Intoxicated Driver Resource Center ("IDRC") Program and had his license suspended for nine months. A Noncompliance Report was issued on October 8, 1992 indicating the plaintiff failed to report to the treatment facility. He was remanded to the IDRC. On March 3, 1993, plaintiff's license was ordered suspended effective March 9, 1993 by the State of New Jersey Department of Law and Public Safety Division of Motor Vehicles for failure to satisfy the requirements of the Bureau of Alcohol Countermeasures and of the IDRCs. A Noncompliance Report was again issued on February 14, 1994 for failure to comply with the treatment plan. Plaintiff was again remanded to the IDRC. An Order of Suspension was entered again effective November 28, 1994 for failure to satisfy the requirements of the Bureau of Alcohol Countermeasures and the Intoxicated Driver Resource Centers.

### III. Applicable Law

A. Federal Rule of Civil Procedure 12(b)(1) Standard

A predicate question federal courts should answer before assessing the substantive allegations in a complaint is whether the plaintiff has alleged sufficient jurisdictional facts to actuate the court's subject matter jurisdiction. See Ruhrgas Ag. V. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").

---

[8] N.J.S.A. 39:4-50(a) is the New Jersey state statute outlawing the operation of a motor vehicle while under the influence of alcohol or drugs.

The burden of proving subject matter jurisdiction on a motion to dismiss is on the party asserting jurisdiction, or in this case, the plaintiff. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 201-02 (2d ed. 1990). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action. See Fed. R. Civ. P. 12(h)(3).

B.  Federal Rule of Civil Procedure 12(b)(6) Standard

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Wright & Miller, supra § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

Finally, "[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion." Carter v. Norfolk Cmty. Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir. 1985).

Further, this Court notes that a pro se plaintiff is given wide latitude in framing a complaint. Such a pro se complaint must be liberally construed in favor of the plaintiff and held to a "less stringent standard than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519 (1972). However, this standard does not

relieve a pro se plaintiff of his obligations under the Federal Rules of Civil Procedure and, although this Court should and will liberally construe pro se pleadings, it cannot act as an advocate. See Weller v. Dep't of Soc. Serv., 901 F.2d 387 (4th Cir. 1990). However, in an abundance of caution, to the extent that plaintiff's pleadings assert arguments against a judgment in the defendants' favor, this Court will construe such documents as responsive to the defendant's motion to dismiss.

C.      Federal Rule of Civil Procedure 4(i)(1)(B) Standard

Fed. R. Civ. P. 4(i)(1)(B) states that in order to serve the United States and its agencies, corporations, officers, or employee, "a party must send a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington D.C."

IV.     Discussion

A.      Motion to Dismiss - Subject Matter Jurisdiction

In his complaint, plaintiff cites 42 U.S.C. § 1985. He is seeking damages in compensation for a "[c]onspiracy in this District. Unconstitutional compact between States." Regarding any potential due process violations under § 1985, this Court notes that § 1985 deals exclusively with violations of the equal protection clause of the Fourteenth Amendment. The plaintiff also cites 28 U.S.C. § 1343(a)(1)-(4) as a basis for jurisdiction.

The Court agrees with defendant's assertion that the United States is immune from suit except as it consents to be sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). Waivers of sovereign immunity, "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969); United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992). See

also, Kansas v. United States, 204, U.S. 331, 342 (1906) (Public policy forbids the conclusion that the United States may be sued by a state without its consent simply because a state may be sued by the United States without its consent). Because the United States did not consent to suit in the present case, the case should be dismissed.

Defendant further argues that, even had the United States waived its sovereign immunity in the present case, the plaintiff failed to establish federal question jurisdiction under Article III of the Constitution.

Once the defendant raised a jurisdictional challenge on the basis that the plaintiff failed to establish federal question jurisdiction, the plaintiff became obligated to present evidence in support of his assertion. Plaintiff, in his Opposition to Defendant's Motion to Dismiss, argues that he has properly shown Article III jurisdiction. Specifically, plaintiff cites Employees of Dept. of Public Health and Welfare, Missouri v. Department of Public Health and Welfare, Missouri, 411 U.S. 279 (1973) and United States v. Yazell, 382 U.S. 341 (1966) to support his contention that government immunity is not absolute. While it is true there are certain instances, such as suits brought under The Federal Tort Claims Act, 28 U.S.C. § 1346(b),[9] where the United States is deemed to have waived its sovereign immunity, the present case is not one of them. Furthermore, plaintiff's reliance on these two cases is misguided.

In Employees of Dept. of Public Health and Welfare, Congress had enacted a statute extending coverage to state employees under the Fair Labor Standards Act. However, Congress failed to change the section of the Act which provided for suits by employees against their

---

[9] Congress passed the Tort Claims Act in 1946, which authorized U.S. district courts to hold the United States liable for torts committed by its agencies, officers, and employees just as the courts would hold individual defendants liable under similar circumstances.

7

employer. The Supreme Court was faced with the issue of whether Congress meant to sweep away the constitutional immunity of the state from suit in federal courts by their own citizens or citizens of other states. The Court held that Congress did not lift the sovereign immunity of the States under the FLSA. Plaintiff has not brought this case under the FLSA, and even if he had, this case does not support the contention that the United States is not immune. In fact, the case does not even address the immunity of the federal government. The Supreme Court held specifically in Employees of Dept. of Public Health and Welfare that "Congress did not lift the sovereign immunity of the *States* under the FLSA." Id. at 285. (*emphasis added*).

United States v. Yazell was a case brought before the Supreme Court from the Western District of Texas. The case dealt with the Texas law of coverture which at the time precluded married women from binding separate property unless she first obtained a court decree removing her disability to contract. The issue before the Court was whether the Federal Government, in its pursuit of the balance due on a loan made by the Small Business Administration, could obtain judgment against a private citizen with total disregard to the laws of the state of Texas. The Court held that state interests should be overridden by federal courts only where clear and substantial interests of the National Government, which cannot be served consistently with respect for such state interests, will suffer major damage if the state law is applied. Id. at 352. This case in no way supports a contention that the United States is not immune from suit in the present case. The United States has not consented to suit in the present case and the undersigned therefore finds that this Court does not have jurisdiction over plaintiff's claim.

Additionally, federal courts are not courts of general jurisdiction. A federal court has original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the

8

United States." 28 U.S.C. § 1331 (2000). In order for a court to hear a case, the court must have both personal jurisdiction and subject matter or Article III jurisdiction. Absent challenge, personal jurisdiction is assumed. The Court will address only subject matter jurisdiction because neither party has put personal jurisdiction at issue.

To establish federal question jurisdiction, plaintiff bears the burden of demonstrating that a substantial question of federal law is raised by his complaint. A mere allegation that a federal statute has been violated is not sufficient. Scott v. Wells Fargo Home Mortg., Inc., 326 F. Supp.2d 703 (E.D.Va., 2003), (referring to Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148 (4th Cir. 1994). See also, Richmond, Fredericksburg & Potomas R. Co. v. United States, 945 F.2d 765, 768 (4th Cir.).

Even had the United States waived its sovereign immunity in this case, the plaintiff has not met his burden of showing a question of federal law exists. In his complaint, plaintiff claims there was a conspiracy to deprive him of his constitutional rights in violation of 42 U.S.C. § 1985. It does not appear to the Court that the plaintiff was deprived of a single constitutional right. The state of New Jersey revoked his driving privileges in accordance with its own laws.

B.   Motion to Dismiss - Fed. R. Civ. P. 12(b)(6)

The Court addresses defendant's argument pursuant to Fed. R. Civ. P. 12(b)(6) as if the United States had waived sovereign immunity and the Court had proper subject matter jurisdiction over the case.

The Court agrees with the defendant that the plaintiff has failed to plead any facts which would entitle him to relief. The plaintiff has failed to plead any facts whatsoever.

9

Title 42, United States Code, Section 1985 provides:

> If two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

The Fourth Circuit Court of Appeals has held that in order to establish a cause of action under § 1985(3), "a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995)(citations omitted). Further, the Fourth Circuit requires that "plaintiffs alleging an unlawful intent to conspire under § 1985(3) or § 1983 plead specific facts in a nonconclusory fashion to survive a motion to dismiss." Id. at 1377 (quoting Gooden v. Howard County, 954 F.2d 960, 969-70 (4th Cir. 1992)). The plaintiff has not even made conclusory allegations that the defendants were involved in a conspiracy to deprive him of his constitutional rights. In addition, the plaintiff failed to allege that the defendants' actions were motivated by a specific class-based discriminatory animus. As a result, this Court finds that the plaintiff has failed to state a claim for relief under 42 U.S.C. § 1985.

Plaintiff cites Fed. R. Civ. P. 8(d) and 8(e)(1)[10] in his argument against defendant's

---

[10] The Court notes that there is no 8(e)(1) in the Federal Rules of Civil Procedure. It appears to the Court that the Plaintiff most likely meant to cite Fed. R. Civ. P. 8(d)(1), which

motion to dismiss. Plaintiff correctly states that "averments are admitted when not denied." However, the plaintiff uses this statement to support his apparent and misguided belief that a plaintiff is deemed to have proven his allegation(s) simply by inserting them into his complaint. While the Court notes that the plaintiff has failed to include a "short and plain statement of the claim showing the [he] is entitled to relief in accordance with Fed. R. Civ. P. 8(a)(2), the defendant has denied any averments that could possibly be construed from plaintiff's complaint in its motion to dismiss. Therefore, plaintiff's averments, whatever they may be, are not admitted for lack of denial on the part of the defendant.

Plaintiff cites <u>Everson v. Board of Education of Ewing Township</u>, 330 U.S. 1 (1947) to support his contention that he has proven his allegation. Specifically, plaintiff claims that "[d]ocuments attached to the complaint prove that the Plaintiff has been disparaged for failure to participate in an international nondenominational [r]eligious cult. 'Neither a state nor the federal government can, openly or secretly, participate in the affairs of any religious organizations or groups and vice versa.'" <u>Id.</u> at 16. The Court fails to see how <u>Everson</u>, a case addressing the "establishment clause" of the 1st Amendment and the Supreme Court's ability to strike down state statutes, in any way supports plaintiff's argument that he properly plead facts sufficient to state a claim. Furthermore, nothing in plaintiff's complaint, nor in any of his pleadings leads the Court to believe he has been disparaged for failing to participate in an international nondenominational religious cult. The separation of church and state is a principle firmly rooted in 1st Amendment constitutional law. However, the Court fails to see how it relates to a situation, such as the one plaintiff has brought before the Court, where an individual has had his

---

states, "Each allegation must be simple, concise, and direct. No technical form is required."

driving rights suspended pursuant to a state law.

Plaintiff also cites the following passage from <u>West Virginia State Board of Education v. Barnette</u>, 319 U.S. 624, 642 (1943): "No official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion or other matters of opinion or force citizens to confess by word or act." Again, the Court fails to see how this case relates to plaintiff's claims. The case involved a West Virginia Board of Education resolution ordering that the salute to the flag become a regular part of the program of activities in the public schools. Suit was originally brought in District Court asking for an injunction to restrain enforcement of the law against Jehovah's Witnesses. The injunction was granted and the Supreme Court affirmed the decision of the District Court.

Plaintiff cites a string of additional cases in his Opposition to Document 20, Section II, Opposition to Document 20, Section III, Amendment to Objection to Document 20 and Further Objection to Document 20, each no more meritorious than the last. None of the cases cited by plaintiff make a single valid legal argument as to how this Court has jurisdiction of this case, and in the event that it does, he has plead no facts that would entitle him to relief. The Court notes that Fed. R. Civ. P. 8(a)(2) calls for only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although there is no specific requirement that the Plaintiff allege "facts," he must state a claim upon which relief can be granted. <u>Simons v. Montgomery County Police Officers</u>, 762 F.2s 30, 31 (4th Cir. 1985), cert. denied, 474 U.S. 1054 (1986) (in ruling on a 12(b)(6) motion, the court can only rely on the allegations in the complaint and those documents attached as exhibits or incorporated by reference). None of the "facts" in plaintiff's complaint under the heading "Cause of Action" state a claim upon which relief can be granted.

12

Therefore, this Court recommends, in the event jurisdiction is found to be proper, defendant's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) be granted.

C.  Motion to Dismiss - Fed. R. Civ. P. 12(b)(5)

Defendant urges this Court to dismiss this case on the ground that service of process was insufficient. Fed. R. Civ. P. 4(i)(1)(B) requires that for proper service on the United States, a plaintiff must accompany service on the Attorney General of the United States at Washington, D.C. by registered or certified mail. This Court recommends, if the United States waived its sovereign immunity, and if jurisdiction is proper, and if plaintiff had stated a claim upon which relief could be granted, denying defendant's motion to dismiss on this ground.

While the plaintiff failed to serve a copy of the summons and complaint on the Attorney General of the United States at Washington, D.C., the Court notes that the United States was nonetheless served in a timely fashion. Plaintiff is proceeding pro se, and the defendant was not harmed in any way by this oversight. Plaintiff has served all subsequent pleadings on the Attorney General. This Court recommends not granting dismissal on the basis of plaintiff's misinterpretation of Fed. R. Civ. P. 4(i)(1)(B).

V.  Conclusion

For the reasons stated herein, the Court recommends that Defendant's Motion to Dismiss be GRANTED. Therefore, it is recommended that this civil action be DISMISSED and STRICKEN from the active docket of the Court.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the

recommendation or order to which objection is made and the basis for such objections. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to plaintiff and counsel of record.

**IT IS SO ORDERED**.

DATED: September 30, 2008

/s/ James E. Seibert

JAMES E. SEIBERT

UNITED STATES MAGISTRATE JUDGE